UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION - CLEVELAND

| | | |
|---|---|---|
| ANTOHNEY ELIAS, | : | |
| 24621 Surrey Circle | : | Case No. |
| Westlake, Ohio 44145 | : | |
| | : | Judge |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THE METROHEALTH SYSTEM, | : | **JURY DEMAND ENDORSED HEREON** |
| 2500 Metrohealth Drive | : | |
| Cleveland, Ohio 44109 | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Now comes Plaintiff Anthoney Elias ("Plaintiff"), by and through undersigned counsel, and for his Complaint against Defendant The MetroHealth System ("Defendant") states and avers as follows:

## THE PARTIES

1. Plaintiff is an individual residing in Cuyahoga County, Ohio. At all times alleged herein, Plaintiff was an employee of Defendant as the same has been defined by Title VII of the 1964 Civil Rights Act as amended, 42 USCS § 2000e(f).

2. Defendant is a County Hospital located in Cuyahoga County, Ohio and at all times was Plaintiff's employer as the same has been defined by Title VII of the 1964 Civil Rights Act as amended, 42 USCS § 2000e(b).

## JURISDICTION AND VENUE

3. Jurisdiction over the statutory violation alleged is conferred pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e.

1

4. Venue is proper in the Northern District of Ohio Eastern Division because all actions took place within Cuyahoga County, Ohio.

5. Plaintiff satisfied all pre-requisites for filing for lawsuit, including but not limited to obtaining a Notice of Right to Sue from the Equal Employment Opportunity Commission. A copy of the "Notice" is attached hereto as Exhibit A.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates his allegations set forth in paragraphs 1 through 5 above as if fully rewritten herein.

7. Plaintiff is a male.

8. Defendant is a county hospital located in Cleveland, Ohio.

9. On October 29, 2012, Defendant hired Plaintiff as a CT technician in a half-time role. On April 1, 2014, Plaintiff transferred to a full-time CT technician role on second shift. On January 6, 2017, Plaintiff transferred to first shift, still working in a full-time role as a CT technician.

10. During Plaintiff's employment with Defendant, Plaintiff received good performance evaluations.

11. When Plaintiff was hired, he worked with a female coworker, Rosanna Naeem. Naeem held the same position as Plaintiff.

12. Naeem propositioned Plaintiff to engage in a sexual relationship. Plaintiff declined, but Naeem sent inappropriate text messages to Plaintiff.

13. On January 14, 2018, Naeem was promoted to Manage of Radiology. Then on August 9, 2020, Naeem was promoted again to Associate Director. As Associate Director, Naeem was Plaintiff's interim direct supervisor.

14. On July 8, 2019, Defendant hired Samantha Pritchett as a Radiology Supervisor. Plaintiff reported directly to Pritchett and Pritchett reported directly to Naeem.

15. As Naeem was promoted, she instructed Plaintiff's supervisors to issue discipline to Plaintiff.

16. Plaintiff was issued the following discipline which was unsubstantiated:

    a. Verbal Warning on February 5, 2020 – for not clocking out at his scheduled time without approval;

    b. Written Warning on February 19, 2020 – submitting his radiology license one day late;

    c. Final Written Warning on March 6, 2020 – tending to a patient during a scan instead of engaging in conversation with his coworkers;

    d. Disciplinary Suspension on September 3, 2021 – requesting a coworker ask another technician for assistance because Plaintiff was tending to a patient during a scan;

    e. Termination on January 7, 2022

17. Plaintiff's female coworkers engaged in similar activity outlined in the above paragraph but were not disciplined or terminated.

18. After Plaintiff received the Final Written Warning on March 6, 2020, he contacted Defendant's Human Resources department and reported that he was being treated differently than other female workers in his department, that these disciplinary actions stemmed from Naeem's gender-based animus towards him, and that these disciplinary actions were retaliatory for declining to engage in a sexual relationship with Naeem.

19. In April 2021, Plaintiff reported to Pritchett that he was being treated differently than his female coworkers because his timely vacation request for two days of leave was denied and his female coworkers' requests were approved.

20. On September 29, 2021, Defendant's Human Resources department met with the entire Radiology to boost morale. During the meeting Plaintiff expressed to Kalee Schultz, Senior Human Resources Business Partner, that he was being treated differently than his female coworkers, Human Resources did not take his allegations seriously, and that he was issued discipline when he reported issues to Human Resources. Schultz ignored Plaintiff's report.

21. Plaintiff went on leave due to a non-work-related injury which began on October 18, 2021. Plaintiff was scheduled to return to work on January 10, 2022.

22. Defendant terminated Plaintiff on January 7, 2022 before his scheduled return to work date.

## COUNT I
**Reverse Gender Discrimination**

23. Plaintiff incorporates his allegations set forth in paragraphs 1 through 22 above as if fully rewritten herein.

24. Plaintiff is a male, is qualified for his position, and was performing his job duties.

25. The individuals who conducted the adverse employment actions against Plaintiff were females. Specifically, Naeem has a history of treating male employees differently than female employees.

26. Plaintiff suffered adverse employment actions because he was subjected to unsubstantiated disciplinary actions, and ultimately termination.

27. Plaintiff was treated differently than other similarly situated female employees.

28. Plaintiff's supervisors and human resources representatives, specifically Naeem, were all female which evidences that Defendant is the unusual type of employer who discriminates against the males.

29. Defendant acted with malice and/or reckless malfeasance toward Plaintiff's protected rights and for such willful conduct, Defendant is liable for punitive damages.

30. As a direct and proximate result of Defendant's conduct in contravention of Title VII of the Civil Rights Act of 1964 as set forth above, Plaintiff has suffered damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income and other benefits to which Plaintiff was entitled in an amount to be determined at trial.

### COUNT TWO
### Retaliation

31. Plaintiff incorporates his allegations set forth in paragraphs 1 through 30 above as if fully rewritten herein.

32. Plaintiff reported to Human Resources and his supervisor that he was treated differently than his female coworkers and engaged in a protected activity.

33. Defendant subjected Plaintiff to a materially adverse action by denying him vacation days, issuing disciplinary action to him, and terminating his employment.

34. Plaintiff's protected activity is causally connected to the materially adverse actions he suffered and Defendant's actions constitute retaliation as prohibited by Title VII.

35. As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered compensatory damages including, but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which she is entitled, an amount to be determined at trial.

**WHEREFORE**, Plaintiff Anthoney Elias prays that this Court award a judgment against Defendant The MetroHealth System on all counts, for compensatory and punitive damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income and other benefits to which Plaintiff is entitled in an amount to be determined at trial and an award of Plaintiff's costs and reasonable attorney fees incurred relating to this action; ALL TOGETHER WITH such other relief as may be just, necessary and proper.

Respectfully submitted,

KEMP, SCHAEFFER, & ROWE CO., L.P.A.

/s/ Erica Ann Probst
Erica Ann Probst #0073486
Andrea L. Salvino #0097768
88 West Mound Street
Columbus, Ohio 43215
(614) 232-8692
(614) 469-7170 (fax)
Email: Erica@ksrlegal.com
ASalvino@ksrlegal.com

*Counsel for Plaintiff*

6

## **JURY DEMAND**

Now comes Plaintiff, by and through counsel, and hereby demands that a jury hear the above case.

                    Respectfully submitted,

                    KEMP, SCHAEFFER, & ROWE CO., L.P.A.

                    /s/ Erica Ann Probst
                    Erica Ann Probst #0073486
                    Andrea L. Salvino #0097768
                    88 West Mound Street
                    Columbus, Ohio 43215
                    (614) 232-8692
                    (614) 469-7170 (fax)
                    Email: Erica@ksrlegal.com
                               ASalvino@ksrlegal.com

                    *Counsel for Plaintiff*